## NYLIN v. AMERICAN TRUST & SAVINGS BANK.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1908.)

### No. 1,435.

BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—PROPERTY HELD AS LESSEE.

A purchaser of personal property caused it to be conveyed by bill of sale to another, at the same time executing a lease and an agreement reciting his ownership and that the conveyance was made to enable the grantee to obtain a limited credit. After such lease and agreement had expired, the owner gave another lease under which the lessee held the property at the time of his bankruptcy. *Held*, that the property was that of the lessor and recoverable by him from the trustee; it appearing that it had not been used by the bankrupt as a basis of credit.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Newton Wyeth, for appellant.
Louis S. Gibson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. In his petition to be adjudged a bankrupt, Anderson scheduled certain personal property as being subject to appellant's claim of ownership. This property passed into the possession of the trustee. Appellant then appeared in the District Court and filed a petition praying that the trustee be ordered to surrender the property to him. The trustee's demurrer was sustained, and thereon was based the decree dismissing the petition.

Appellant by apt averments set forth his purchase and ownership of the property. He then alleged that he had placed it in Anderson's possession under and by virtue of a written agreement, a copy of which he attached to and made a part of his petition. The first part of the exhibit is a lease of the property for one year by appellant to Anderson, and bears the date of January 15, 1906. Then follows this addendum:

"It is hereby mutually agreed by and between C. E. Nylin and Charles J. Anderson, parties to the foregoing agreement, and duly subscribed to by each of said parties, that the title to all of the goods, chattels, and effects this day transferred by a bill of sale, duly executed by Charles E. Sweiberg to the said Charles J. Anderson, are and belong absolutely to the said C. E. Nylin; and .

"It is further mutually agreed and understood by and between the said parties hereto that the title to said goods, chattels, and effects are vested in the said Charles J. Anderson for the sole purpose of enabling the said Charles J. Anderson of obtaining a limited credit in the carrying on of his said business in accordance with all the terms and conditions of the foregoing lease by each of them subscribed to; and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"It is further understood and agreed that the said Charles J. Anderson will at no time take advantage of the trust now imposed in him, and that he will not incumber or dispose of any of said goods, chattels, and effects, and that he will keep the same clear and free of all liens, and that he is and will be ever ready to transfer all of said goods, chattels, and effects to the said C. E. Nylin, or as the said C. E. Nylin may at any time, hereinafter direct. This agreement is binding upon our heirs, representatives, and assigns. Witness our hands and seals this first day of February, A. D. 1906."

The petition also alleged that the lease, the addendum, and the bill of sale from Sweiberg to Anderson were delivered to Anderson at the same time on February 1, 1906. In the lease appellant gave Anderson "the first option of purchasing" the property at the expiration of the lease, but no price was fixed. The petition further averred that, after the lease had expired and negotiations for purchase had failed, appellant was about to remove the property, whereupon Anderson and appellant made a new agreement, whereby appellant leased the property to Anderson for 20 days at a rental of $20, and that under this last lease Anderson was in possession when the petition in bankruptcy was filed, and possession passed to the trustee.

It is claimed that the right of recovery which would otherwise stand confessed by the demurrer to this petition is overcome by the disclosure, in the addendum to the first lease, that appellant permitted the title of goods which were really his to appear to be in Anderson for the purpose of enabling him to obtain credit.

The arrangement which included that feature was at an end, and the possession of Anderson, and of the trustee as his successor in interest, was under the second lease; and the demurrer admits the truth of the averment that no credit was obtained on the strength of appellant's grant of the right to use the property as a basis for obtaining credit. If an owner of personalty leases it, neither the lessee's possession (though possession is an evidence of ownership) nor the lessee's representations confer any rights on creditors of the lessee as against the owner. And, in our opinion, if the owner goes further and clothes his lessee with the right to bind the property in obtaining credit, neither the lessee's possession nor the lessee's representations confer any rights on creditors of the lessee as against the owner. The rights of the creditors would spring from and be measured by the owner's grant of power to the lessee, and would exist only in cases where the power, before it was terminated, was acted upon by lessee and creditors. And the grant of such a power, so far from being a fraud in law, seems to us rather to be a favor in fact, since creditors, if they should avail themselves of it, would thereby obtain a security they would otherwise lack. In the present case, in order to make such a grant of power to Anderson, it was not necessary that appellant, having bought and paid for the property, should have the seller make a bill of sale to Anderson, instead of to himself. But the bill of sale, limited by the accompanying agreement, did not make the property Anderson's. It was a step, though an unnecessary and awkward one, in conferring upon Anderson a power that was not inevitably fraudulent as a matter of law. As a matter of fact, the bill of sale may have been a part of a scheme to defraud, and may have been used as such;

but, in aid of the demurrer, no presumption can be indulged, as against the averments of the petition to the contrary, that fraud in fact was either intended or accomplished.

The decree is reversed, with the direction to overrule the demurrer and to proceed further consentaneously with this opinion.